UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LIONEL FRED TATE, | Case No. 2:12-cv-00563-MMD-VCF |
| Petitioner, | ORDER |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

The Court stayed and closed this action while petitioner pursued his post-conviction remedies in the state courts. Petitioner has now filed a motion to re-open (dkt. no. 11), and respondents do not oppose the motion (dkt. no. 12). The Court will grant petitioner's motion. The Court has reviewed the petition (dkt. no. 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will deny the petition.

In state district court, petitioner agreed to plead guilty to one count of trafficking in a controlled substance. The state district court entered its judgment of conviction on September 8, 2008. Petitioner did not file a notice of appeal. Petitioner filed in state district court a habeas corpus petition on December 10, 2008. After an evidentiary hearing, the state district court determined that petitioner was deprived of his right to a direct appeal but denied all of petitioner's other grounds. The state district court followed the procedure equivalent to a direct appeal, outlined in *Lozada v. State*, 871 P.2d 944 (Nev. 1994). The state district court appointed counsel who, on July 2, 2010,

filed a *Lozada* post-conviction petition that raised direct-appeal issues. The state district court denied the *Lozada* petition on January 6, 2011. Petitioner appealed, and the Nevada Supreme Court affirmed. *Tate v. State*, 2011 WL 5846535 (Nev. Nov. 18, 2011) ("*Tate I*"). Petitioner then filed a second state habeas corpus petition on April 10, 2012. The state district court denied that petition on July 26, 2012. Petitioner appealed, and the Nevada Supreme Court affirmed. *Tate v. State*, 2013 WL 1500694 (Nev. Apr. 10, 2013) ("*Tate II*").

Ground 1 is a claim that petitioner was deprived of a direct appeal. The state courts recognized that error and allowed petitioner to raise his direct-appeal issues in a *Lozada* petition. The Nevada Supreme Court denied those issues on the merits. Petitioner has not suffered any prejudice from the denial of the direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Ground 1 is without merit on its face, and the court dismisses it.

Ground 3 is a claim that the *Lozada* procedure for raising direct-appeal issues violates the Due Process Clause of the Fourteenth Amendment. None of petitioner's arguments are persuasive.

First, petitioner argues that no statute allows a person to raise direct-appeal issues in a state post-conviction petition. Nevada law does allow a person to raise direct-appeal issues in a post-conviction petition if the person can show good cause for the failure to raise the issues on direct appeal and actual prejudice. Nev. Rev. Stat. § 34.810(1)(b)(2). *Lozada* held that counsel's failure to file a direct appeal provided the necessary good cause and prejudice. 871 P.2d at 353-59. Petitioner's argument thus has no merit.

Second, petitioner argues that the Nevada Supreme Court must apply the plain-error standard on direct appeal, and that such a standard is not applied in a petition for a writ of habeas corpus. Petitioner seems to be under the impression that the plain-error standard is favorable to him. It is not. The Nevada Supreme Court applies the

///

standard when a person raises an issue on appeal that he did not preserve, by motion or objection, in the district court.

> However, we have the discretion to review an unpreserved error "if it [is] plain and affected the defendant's substantial rights." . . . "In conducting plain error review, we must examine whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." . . . "An error is plain if the error is so unmistakable that it reveals itself by a casual inspection of the record." . . . "[A]t a minimum," the error must be "clear under current law," . . . and, "[n]ormally, the defendant must show that an error was prejudicial in order to establish that it affected substantial rights. . . ."

*Saletta v. State*, 254 P.3d 111, 114 (Nev. 2011) (internal citations omitted). Furthermore, the Nevada Supreme Court did not need to use the plain-error standard in petitioner's *Lozada* appeal. Petitioner raised four issues in his *Lozada* appeal: (1) Joinder of separate events in one indictment, when the events were six months apart; (2) the impropriety of law enforcement for not arresting petitioner after the first event, so that they could "stack" charges against petitioner; (3) improper amendment of the indictment to a higher category felony without leave of the court; and (4) an involuntary and unknowing guilty plea because petitioner was under pressure and did not know of the aforementioned defect in the indictment. The Nevada Supreme Court held petitioner's guilty plea barred consideration of the first three issues and that the record showed that petitioner was not coerced into pleading guilty. *Tate I*, 2011 WL 5846535, at *1. Petitioner's argument is both mistaken and lacking in merit.

Third, petitioner argues that because the *Lozada* appeal is through a post-conviction habeas corpus petition, he must comply with the successive-petition rule of Nev. Rev. Stat. § 34.810 to raise claims of ineffective assistance of the *Lozada* appeal counsel. Petitioner is incorrect. The Nevada Supreme Court considered his claims of ineffective assistance without referring to § 34.810. *Tate II*, 2013 WL 1500694, at *1. Petitioner's argument is without merit.

Because petitioner's three arguments in support of ground 3 are without merit, the ground itself lacks merit.

///

Ground 11 concerns petitioner's first state post-conviction petition, which led to the *Lozada* appeal and the Nevada Supreme Court's decision in *Tate I*. Besides the claim that counsel deprived petitioner of his direct appeal, petitioner raised other issues of ineffective assistance of counsel. The state district court dismissed those issues before proceeding with the *Lozada* appeal. Petitioner claims in ground 11 that the dismissal violated his constitutional rights. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997). Ground 11 is without merit.

Ground 13 contains more complaints about the *Lozada* procedure itself. First, petitioner argues that he cannot raise in state court claims of ineffective assistance of *Lozada* counsel. Events have overtaken this argument. Petitioner did present claims of ineffective assistance of *Lozada* counsel to the state courts. The Nevada Supreme Court denied those claims. *Tate II*, 2013 WL 1500694, at *1.

Second, petitioner argues that *Lozada* counsel failed to present the direct-appeal issues as issues of federal law, and thus they would be unexhausted when petitioner turned to this Court. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Again, petitioner raised four issues in his *Lozada* appeal: (1) Joinder of separate events in one indictment, when the events were six months apart; (2) the impropriety of law enforcement for not arresting petitioner after the first event, so that they could "stack" charges against petitioner; (3) improper amendment of the indictment to a higher category felony without leave of the court; and (4) an involuntary and unknowing guilty plea because petitioner was under pressure and did not know of the aforementioned defect in the indictment. The Nevada Supreme

Court dismissed the first three issues because his guilty plea barred consideration of the issues. *Tate I*, 2011 WL 5846535, at *1 (*citing*, among other decisions, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). The result would have been the same had *Lozada* counsel raised those three issues as issues of federal law. As for the fourth issue, the Nevada Supreme Court determined that the totality of the circumstances showed that petitioner's guilty plea was not unknowing and involuntary. *Tate I*, 2011 WL 5846535, at *1 (*citing Bryant v. State*, 721 P.2d 364, 368 (1986)). *Bryant*, in turn, is based upon federal constitutional case law regarding the validity of guilty pleas. The Nevada Supreme Court's citation to a state-court case that applies federal constitutional principles shows that it recognized the federal constitutional issues in petitioner's case. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*). A claim of an invalid guilty plea in the petition (dkt. no. 1) would be exhausted pursuant to 28 U.S.C. § 2254(b). Consequently, the *Lozada* counsel did not provide ineffective assistance.

Third, petitioner argues that the *Lozada* procedure allows the same court in which petitioner pleaded guilty to decide the direct-appeal issues. Regardless of what happened in the state district court, the Nevada Supreme Court considered petitioner's direct-appeal issues. *Tate I*, 2011 WL 5846535.

Because petitioner's three arguments in support of ground 13 are without merit, the ground itself lacks merit.

The guilty plea leads to the dismissal of petitioner's remaining grounds for relief.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [*McMann v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Grounds 2, 4, 5, 7, 8, 9, 10, and 12 all allege deprivations of constitutional rights that occurred prior to the entry of petitioner's plea. The Court dismisses them.

5

Ground 6 is distinct from the other claims barred by *Tollett v. Henderson*, but it too is without merit. Petitioner argues that counsel failed to investigate whether the prosecution failed to disclose that the confidential informant in his case was paid. The Constitution requires the prosecution to disclose material evidence that can impeach a trial witness. *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963). However, the Constitution does not require the prosecution to disclose material impeachment evidence prior to entering a plea agreement with petitioner. *United States v. Ruiz*, 536 U.S. 622, 633 (2002). Because there was no violation of *Brady* and *Giglio*, there was no issue for counsel to investigate, and counsel did not provide ineffective assistance.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court will not grant a certificate of appealability in this case. Reasonable jurists would not dispute that grounds 2 and 4 through 12 have no legal basis. Grounds 1, 3, and 13 are belied by the actual decisions of the Nevada Supreme Court in *Tate I* and *Tate II*. Reasonable jurists would not dispute the court's conclusions on those grounds.

IT IS THEREFORE ORDERED that petitioner's motion to re-open (dkt. no. 11) is GRANTED. This action is REINSTATED.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 1) is DENIED. The Clerk of the Court shall enter judgment accordingly.

///

///

6

1    IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

     DATED THIS  21st day of May 2013.

                                            _____
                                            MIRANDA M. DU
                                            UNITED STATES DISTRICT JUDGE